UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JESSICA CORREA,

      *Plaintiff,*

      v.

TROUTMAN SANDERS LLP and
GERALD FRANCESE

      *Defendants.*

No. 1:19-CV-07511-JGK

---

## DEFENDANT GERALD FRANCESE'S ANSWER AND
## AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Gerald Francese ("Francese"), by and through his attorneys, Harris St. Laurent

LLP., hereby responds as follows to the allegations in the Complaint brought by Plaintiff Jessica

Correa, filed August 12, 2019 ("Complaint"), insofar as they are made against him. To the extent

that the Complaint's headings or subheadings contain factual allegations, they are hereby denied.

### ANSWER

1.      Paragraph 1 purports to characterize Plaintiff's federal claims and states legal

conclusions, and therefore does not require a response. To the extent a response is required,

Francese denies all of the allegations contained in Paragraph 1, including any allegation that

Francese engaged in sex discrimination, sexual harassment, or retaliation against Plaintiff or in

any way violated Title VII.

2.      Paragraph 2 purports to characterize Plaintiff's state law claims and states legal

conclusions, and therefore does not require a response. To the extent a response is required,

Francese denies all of the allegations contained in Paragraph 2, including the allegation that

1

Francese engaged in sex discrimination, sexual harassment, or retaliation against Plaintiff or in any way violated NYSHRL or the NYCHR.

3.     Paragraph 3 lists the relief Plaintiff is seeking in this lawsuit, characterizes Plaintiff's claims and states legal conclusions, and therefore does not require a response. To the extent a response is required, Francese denies that Plaintiff is entitled to the relief she seeks and denies all of the allegations contained in Paragraph 3.

4.     Paragraph 4 states legal conclusions to which no response is required. To the extent a response is required, Francese denies all of the allegations contained in Paragraph 4 and further denies any implicit allegation that he engaged in improper conduct covered by Title VII.

5.     Paragraph 5 states legal conclusions to which no response is required. To the extent a response is required, Francese admits that this Court may assert supplemental jurisdiction over Plaintiff's state law claims.

6.     Paragraph 6 states a legal conclusion to which no response is required. To the extent a response is required, Francese admits that venue is proper in the Southern District of New York, but denies any implicit allegation that he engaged in improper conduct of any kind or that the claims asserted against him have merit.

7.     Francese lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, and denies those allegations on that basis.

8.     Francese lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8, and denies those allegations on that basis.

9.     Francese lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9, and denies those allegations on that basis.

10.     Francese denies the allegations contained in Paragraph 10.

11.     Francese admits the allegations contained in Paragraph 11.

12.     Francese admits the allegations contained in Paragraph 12.

13.     Francese admits that he is a white male who is currently fifty-eight years old and is a former partner at Troutman. Francese denies the remaining allegations contained in Paragraph 13.

14.     Francese denies the allegations in Paragraph 14 as they pertain to him. Francese lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to Troutman, and denies those allegations on that basis.

15.     Francese denies the allegation contained in Paragraph 15 that Plaintiff is "highly skilled". He lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

16.     Francese lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16, and denies those allegations on that basis.

17.     Francese admits the allegations contained in Paragraph 17, and asserts that Plaintiff was also assigned to work for several other attorneys at the Troutman.

18.     Francese denies the allegations in Paragraph 18 as they pertain to him. He lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

19.     Francese admits the allegations contained in Paragraph 19.

20.     Francese admits the allegations contained in Paragraph 20.

21.     Francese lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21, and denies those allegations on that basis.

22.     Francese lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22, and denies those allegations on that basis.

23.     Francese denies the allegations contained in Paragraph 23.

24.     Francese denies the allegations contained in Paragraph 24.

25.     Francese admits that he returned to Troutman's New York office in February 2017, but denies the remaining allegations contained in Paragraph 25.

26.     Francese denies the allegations contained in Paragraph 26.

27.     Francese denies the allegations contained in Paragraph 27.

28.     Francese denies the allegations contained in Paragraph 28.

29.     Francese admits to scheduling a weekly meeting with Plaintiff due to her repeated performance issues in processing expense reports and inputting of his recorded time, but denies the remaining allegations contained in Paragraph 29.

30.     Francese denies the allegations contained in Paragraph 30.

31.     Francese denies the allegations contained in Paragraph 31.

32.     Francese denies the allegations contained in Paragraph 32.

33.     Francese denies the allegations contained in Paragraph 33.

34.     Francese denies the allegations contained in Paragraph 34.

35.     Francese denies the allegations contained in Paragraph 35.

36.   Francese denies the allegations contained in Paragraph 36.

37.   Francese denies the allegations contained in Paragraph 37.

38.   Francese denies the allegations contained in Paragraph 38.

39.   Francese denies the allegations contained in Paragraph 39.

40.   Francese denies the allegations contained in Paragraph 40.

41.   Francese denies the allegations contained in Paragraph 41.

42.   Francese denies the allegations contained in Paragraph 42.

43.   Francese denies the allegations contained in Paragraph 43.

44.   Francese denies the allegations contained in Paragraph 44.

45.   Francese denies the allegations contained in Paragraph 45.

46.   Francese denies the allegations in Paragraph 46 as they pertain to him, except he admits only that Plaintiff regularly volunteered information about her family at work. Francese lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

47.   Francese denies the allegations contained in Paragraph 47.

48.   Francese admits that he kept candy in his office and would occasionally "chat" with Plaintiff about her family and personal life, but he denies the remaining allegations contained in Paragraph 48.

49.   Francese admits that Plaintiff repeatedly asked him for financial assistance and that he generously loaned her money on at least three occasions. He lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 49, and denies those allegations on that basis.

50.     Francese denies the allegations contained in Paragraph 50; except he admits that Plaintiff told him on multiple occasions that she was experiencing financial crises.

51.     Francese denies the allegations contained in Paragraph 51.

52.     Francese denies the allegations contained in Paragraph 52.

53.     Francese denies the allegations contained in Paragraph 53.

54.     Francese denies the allegations contained in Paragraph 54.

55.     Francese denies the allegations contained in Paragraph 55.

56.     Francese denies the allegations contained in Paragraph 56; except he admits only that in 2017 he planned a vacation for himself and family to Mexico.

57.     Francese denies the allegations contained in Paragraph 57.

58.     Francese denies the allegations contained in Paragraph 58.

59.     Francese denies the allegations contained in Paragraph 59.

60.     Francese denies the allegations contained in Paragraph 60.

61.     Francese denies the allegations contained in Paragraph 61; except he admits only that in September 2017, Plaintiff was assigned to support a partner in the Construction section.

62.     Francese denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62, and denies those allegations on that basis.

63.     Francese denies the allegations contained in Paragraph 63; except he admits only that Francese and Plaintiff attended a fundraising event in October 2017, and that he introduced

Plaintiff to acquaintances and friends at the event as his secretary.

64.     Francese denies the allegations contained in Paragraph 64.

65.     Francese denies the allegations contained in Paragraph 65; except he admits only that he repeatedly warned Plaintiff that her frequent absences and tardiness may become an issue for Troutman's HR department, to whom she reported.

66.     Francese denies the allegations contained in Paragraph 66; except he admits only that he occasionally communicated to Plaintiff that he wanted her to succeed at her job and made suggestions on how she could improve.

67.     Francese denies the allegations contained in Paragraph 67.

68.     Francese denies the allegations contained in Paragraph 68.

69.     Francese denies the allegations contained in Paragraph 69.

70.     Francese denies the allegations contained in Paragraph 70.

71.     Francese denies the allegations contained in Paragraph 71.

72.     Francese denies the allegations contained in Paragraph 72.

73.     Francese denies the allegations contained in Paragraph 73.

74.     Francese denies the allegations contained in Paragraph 74.

75.     Francese denies the allegations contained in Paragraph 75.

76.     Francese denies the allegations contained in Paragraph 76.

77.     Francese denies the allegations contained in Paragraph 77.

78.     Francese denies the allegations contained in Paragraph 78.

79.     Francese denies the allegations contained in Paragraph 79.

80.     Francese denies the allegations contained in Paragraph 80.

81.     Francese denies the allegations contained in Paragraph 81.

82.     Francese denies the allegations contained in Paragraph 82.

83.     Francese denies the allegations contained in Paragraph 83.

84.     Francese denies the allegations contained in Paragraph 84.

85.     Francese denies the allegations contained in Paragraph 85.

86.     Francese denies the allegations contained in Paragraph 86.

87.     Francese denies the allegations contained in Paragraph 87.

88.     Francese denies the allegations contained in Paragraph 88.

89.     Francese denies the allegations contained in Paragraph 89.

90.     Francese lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90, and denies those allegations on that basis.

91.     Francese denies the allegations in Paragraph 91 as they pertain to him. He lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91, and denies those allegations on that basis.

92.     Francese denies the allegations contained in Paragraph 92.

93.     Francese denies the allegations contained in Paragraph 93; except he admits that, in April 2018, he took Plaintiff to lunch because she was upset about having received a bad performance review. Francese also admits that, after lunch, he took Plaintiff to a flower shop

close to the office to buy a replacement orchid plant for his office and that he also purchased one for Plaintiff's desk area.  Francese admits that the calendar entry for this event was entitled "Plant Shop."

94.    Francese denies the allegations contained in Paragraph 94.

95.    Francese denies the allegations contained in Paragraph 95.

96.    Francese denies the allegations contained in Paragraph 96.

97.    Francese denies the allegations contained in Paragraph 97; except he admits only that Plaintiff ate some of her lunch while at the table and asked the server to wrap up the rest of her food to go.

98.    Francese denies the allegations contained in Paragraph 98; except he admits only that Plaintiff complained over lunch about the fact that she would not be getting a raise, and he urged her to improve her work performance going forward.

99.    Francese denies the allegations contained in Paragraph 99; except he admits only that, after lunch, he and Plaintiff stopped at a flower shop where he purchased an orchid plant for his office and one for Plaintiff's desk area.

100.    Francese lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100, and denies those allegations on that basis.

101.    Francese denies the allegations contained in Paragraph 101 to the extent they imply that he ever engaged in sexually harassing behavior. He lacks knowledge or information sufficient to form a belief as to the truth or falsity of any communications Plaintiff may have had with Associate Dennett, and thereby denies those and all other remaining allegations in Paragraph 101.

102.    Francese denies the allegations contained in Paragraph 102 to the extent they imply that he ever engaged in sexually harassing behavior. He lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, and denies those allegations on that basis.

103.    Francese denies the allegations contained in Paragraph 103 to the extent they imply that he sexually harassed Plaintiff. He lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, and denies those allegations on that basis.

104.    Francese denies the allegations contained in Paragraph 104 to the extent they imply that he engaged in "grossly inappropriate touching, propositioning, abusive and vulgar comments" or that he "alienated" Plaintiff in any way. He lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, and denies those allegations on that basis.

105.    Francese lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105, and denies those allegations on that basis.

106.    Francese lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106, and denies those allegations on that basis.

107.    Francese denies the allegations contained in Paragraph 107.

108.    Francese lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108, and denies those allegations on that basis.

109.    Francese denies the allegations contained in Paragraph 109 as they relate to his alleged conduct or any purported psychological stress stemming from this alleged conduct.

Francese lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 109, and denies those allegations on that basis.

110.    Francese denies the allegations contained in Paragraph 110.

111.    Francese denies the allegations contained in Paragraph 111.

112.    Francese incorporates his responses to Paragraphs 1 through 111 as if fully set forth herein.

113.    Paragraph 113 states legal conclusions to which no response is required. To the extent a response is required, Francese admits that Plaintiff presents herself as a female.

114.    Francese denies the allegations contained in Paragraph 114.

115.    Francese denies the allegations contained in Paragraph 115.

116.    Francese denies the allegations contained in Paragraph 116.

117.    Francese denies the allegations contained in Paragraph 117.

118.    Francese denies the allegations contained in Paragraph 118.

119.    Francese denies the allegations contained in Paragraph 119.

120.    Francese denies the allegations contained in Paragraph 120.

121.    Francese denies the allegations contained in Paragraph 121.

122.    Francese incorporates his responses to Paragraphs 1 through 121 as if fully set forth herein.

123.    Paragraph 123 states legal conclusions to which no response is required. To the extent a response is required, Francese admits that Plaintiff presents herself as a female.

124.   Francese denies the allegations contained in Paragraph 124.

125.   Francese denies the allegations contained in Paragraph 125.

126.   Francese denies the allegations contained in Paragraph 126.

127.   Francese denies the allegations contained in Paragraph 127.

128.   Francese denies the allegations contained in Paragraph 128.

129.   Francese denies the allegations contained in Paragraph 129.

130.   Francese incorporates his responses to Paragraphs 1 through 129 as if fully set forth herein.

131.   Paragraph 131 states legal conclusions to which no response is required. To the extent a response is required, Francese admits that Plaintiff presents herself as a female.

132.   Francese denies the allegations contained in Paragraph 132.

133.   Francese denies the allegations contained in Paragraph 133.

134.   Francese denies the allegations contained in Paragraph 134.

135.   Francese incorporates his responses to Paragraphs 1 through 134 as if fully set forth herein.

136.   Paragraph 136 states legal conclusions to which no response is required. To the extent a response is required, Francese admits that Plaintiff presents herself as a female.

137.   Francese denies the allegations contained in Paragraph 137.

138.   Francese denies the allegations contained in Paragraph 138.

139.   Francese denies the allegations contained in Paragraph 139.

## AFFIRMATIVE DEFENSES

Francese states the following defenses and reserves his right to assert other and additional defenses, cross claims, and third-party claims not asserted herein of which he becomes aware through discovery or other investigation as may be appropriate at a later time. In asserting these defenses, Francese does not assume any burden of proof, persuasion or production with respect to any issue where the applicable law places the burden upon Plaintiff.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted. Francese was at all times professional, courteous, and generous in his dealings with Plaintiff, and there is no credible basis for any allegations to the contrary.

### SECOND AFFIRMATIVE DEFENSE

The claims in the Complaint fail, in whole or in part, because Plaintiff's damages, to the extent there were any, were not proximately caused by Francese's conduct. Plaintiff's damages were instead caused by her poor job performance, her tardiness, and her excessive absences.

### THIRD AFFIRMATIVE DEFENSE

The claims in the Complaint fail, in whole or in part, because Francese's conduct amounts to nothing more than petty slights or trivial inconveniences.

### FOURTH AFFIRMATIVE DEFENSE

The claims in the Complaint are barred, in whole or in part, to the extent Plaintiff's claims are based on alleged conduct which occurred more than 180 days before Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

13

## FIFTH AFFIRMATIVE DEFENSE

The claims in the Complaint are barred, in whole or in part, to the extent Plaintiff never received a Notice of Right to Sue on her claims from the EEOC.

## SIXTH AFFIRMATIVE DEFENSE

The claims in the Complaint fail, in whole or in part, because Francese's actions were not sexual in nature, were not unwelcome, and/or were not sufficiently severe or pervasive to amount to a change in the terms and conditions of Plaintiff's employment.

## SEVENTH AFFIRMATIVE DEFENSE

The claims in the Complaint fail, in whole or in part, by Plaintiff's failure to mitigate damages.

## EIGHTH AFFIRMATIVE DEFENSE

In the event Plaintiff prevails on one or more of her claims under Title VII, any compensatory and punitive damages she is awarded must be limited by the damages limitations provisions of 42 U.S.C. § 1981a(b).

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages fail because Francese's conduct was not willful and did not constitute malice or conscious indifference to consequences.

## TENTH AFFIRMATIVE DEFENSE

The claims in the Complaint are barred, in whole or in part, by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

The claims in the Complaint fail, in whole or in part, due to Plaintiff's failure to timely report the alleged conduct to Troutman and to avail herself of Troutman's policies and procedures implemented to address discrimination claims.

## TWELTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, to the extent they allege retaliation, fail, in whole or in part, because Francese had no involvement in Troutman's handling of Plaintiff's complaint or in any decisions it made with respect to her employment status. Troutman's alleged conduct cannot be attributed to Francese.

## THIRTEENTH AFFIRMATIVE DEFENSE

Francese hereby adopts and incorporates by reference any and all other defenses asserted or to be asserted by Troutman to the extent Francese may share in such defense.

## <u>PRAYER FOR RELIEF</u>

Based upon the foregoing, Francese prays that (a) judgment be entered dismissing the Complaint on the merits, in its entirety and with prejudice, and (b) this Court grant him such other relief as it deems just and proper including costs and reasonable legal fees.

Dated: October 15, 2019
      New York, New York

Lindsey R. Skibell, Esq. *(rskibell@hs-law.com)*
Cheryl A. Mitchel, Esq. *(cmitchell@hs-law.com)*
HARRIS ST. LAURENT LLP
40 Wall Street, 53rd Floor
New York, New York 10005
(212) 397-3370

*Attorneys for Defendant Gerald Francese*

16

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2019, I caused a true and correct copy of the attached, ***Defendant Francese's Answer and Affirmative Defenses to Plaintiff's Complaint,*** to be served upon counsel identified below, via email and first-class mail with postage prepaid, to the following addresses:

To:    Benjamin N. Dictor (ben@eisnereictor.com)
        Andrea A. Pomerantz (andrea@eisnerdictor.com)
        EISNER & DICTOR, P.C.
        39 Broadway, Suite 1540
        New York, NY 10006
        Tel.: (212) 473-8700

        *Attorneys for Plaintiff Jessica Correa*

        Lance J. Gotko *(lgotko@fklaw.com)*
        Philippe Adler *(padler@fklaw.com)*
        Jamuna D. Kelley *(jkelley@fklaw.com)*
        FRIEDMAN KAPLAN SEILER & ADELMAN LLP
        7 Times Square
        New York, NY 10036-6516
        Tel.: (212) 833-1100
        Fax: (212) 373-7996

        *Attorneys for Defendant Troutman Sanders LLP*

        Lindsey R. Skibell, Esq. *(rskibell@hs-law.com)*
        Cheryl A. Mitchel, Esq. *(cmitchell@hs-law.com)*
        HARRIS ST. LAURENT LLP
        40 Wall Street, 53rd Floor
        New York, New York 10005
        (212) 397-3370

        *Attorneys for Defendant Gerald Francese*

17